**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNATHAN S. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-30-DDN |
| | ) | |
| BECKY POST and BELLEFONTAINE | ) | |
| HABILITATION CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Jonathan S. Mitchell for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**Legal Standard**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff prepared the complaint using this Court's Employment Discrimination Complaint form, as required. He signed the complaint on January 4, 2021, and it was docketed in this Court on January 6, 2021. He identifies the defendants as Becky Post, and Bellefontaine Habilitation Center.

In the section of the form complaint provided for plaintiff to identify the basis of this lawsuit, plaintiff checked the selection marked "Other" and wrote: "Unlawful Firing of an employee." (ECF No. 1 at 2). In the section of the form complaint provided for plaintiff to identify the nature of the case, plaintiff placed check marks indicating his employment was terminated, and the terms and conditions of his employment differed from those of similar employees. He left

2

blank the section of the form complaint provided for him to state when the discriminatory conduct occurred. He indicated he was interviewed by the Equal Employment Opportunity Commission ("EEOC"), and the matter "became a charge." *Id.* at 3. Nowhere in the complaint or attached documents is there any indication of what claims plaintiff raised at the administrative level.

Plaintiff omitted the two pages of the form complaint provided for him to state the facts of his claim and the basis upon which he believes he suffered discrimination, and he did not include that information in any other part of the complaint. Plaintiff attached to the complaint a copy of a Dismissal and Notice of Rights he received from the EEOC dated September 24, 2020, advising him the EEOC was unable to conclude there had been a violation of the statutes, and he had 90 days to file a lawsuit in federal court. As relief, he asks that his employment be reinstated, and he seeks an award of back pay and damages for mental anguish.

**Discussion**

The complaint is subject to dismissal because plaintiff has not clearly described what claim or claims he wishes to bring before this Court, nor has he alleged any supporting facts. Additionally, plaintiff has failed to provide the Court with information describing the claim he brought at the administrative level. Finally, it appears this action may be untimely. However, the Court will give plaintiff the opportunity to file an amended complaint to attempt to cure these deficiencies.

The amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, which will be provided to him. Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it

3

also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should provide a copy of his administrative charge documents, or should at least describe the claim or claims he raised at the administrative level. Plaintiff is advised that the claim or claims he brings before this Court must be like or reasonably related to those brought at the administrative level.

Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e). The Court will hold in abeyance plaintiff's request to receive electronic noticing to allow plaintiff the opportunity to comply with this order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days from the date of this order, plaintiff shall file an amended complaint.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this **19th** day of February, 2021.

_____/s/   David D. Noce_____
UNITED STATES MAGISTRATE JUDGE